UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| JULIE JENSEN, individually<br>and<br>CHARLES MEYER, by and through his next<br>friend JULIE JENSEN,<br>　　Plaintiffs,<br><br>　　v.<br><br>ELAINE CASHIN, as ADMINISTRATOR for<br>the ESTATE OF NORMAN WOOLARD<br>and<br>PAUL LENO and ELAINE LENO, as<br>ADMINISTRATORS for the ESTATE OF<br>PHILIP LENO,<br>　　Defendants/Counterclaim Plaintiffs,<br><br>　　v.<br><br>JULIE JENSEN, individually,<br>and<br>CHARLES MEYER, by and through his next<br>friend JULIE JENSEN,<br>　　Counterclaim Defendants. | No. 2:06-cv-41 |

## MEMORANDUM AND ORDER

Plaintiffs/Counterclaim Defendants Julie Jensen and Charles Meyer ("Counterclaim Defendants") commenced this declaratory judgment action on February 23, 2006. Elaine Cashin, as Administrator for the Estate of Norman Woolard, and Paul and Elaine Leno, as Administrators for the Estate of Philip Leno ("Counterclaim Plaintiffs"), filed answers and counterclaims seeking compensatory and punitive damages against Jensen and Meyer.

Currently before the Court is the Counterclaim Defendants'

Motion for Protective Order Regarding the Deposition of Charles Meyer, filed October 13, 2006.  A hearing was held on this and other pending motions on December 22, 2006.  For the reasons set forth below, the Motion (Doc. 36) is GRANTED in part and DENIED in part.

### I.   BACKGROUND

Norman Woolard and Philip Leno, respectively 16 and 17 years old at the time, were killed in a tragic car accident on August 24, 2004.  The two were passengers in a car driven by Charles Meyer, who was then 14 years old.  Meyer was driving a car owned by his mother, Julie Jensen.  Jensen and Meyer commenced this case seeking a declaratory judgment that they are not liable for the deaths, or that their liability is offset by comparative or contributory negligence attributable to Woolard and Leno.  In their counterclaims, the families of Woolard and Leno are seeking damages against Meyer, who is accused of negligence, recklessness, and violation of safety regulations.  They are also seeking damages against Julie Jensen, his mother, based on her conduct in allegedly entrusting the car to Meyer, who was not licensed or competent to drive.  The case has been highly contentious from its inception.

Meyer is now a 16 year old minor and a high school student. Counsel for the parties have been unable to agree on ground rules for his deposition.

## II. DISCUSSION

The Counterclaim Defendants have proposed a number of ground rules for Meyer's deposition. The Court will address each of those proposals in turn. Taking into account the submissions of the parties, Meyer's age, the traumatic nature of the events in question in this case, and fairness to the Counterclaim Plaintiffs, the Court rules as follows:

(1) Meyer shall be deposed only once, for a reasonable time period, not to exceed one day.

(2) The deposition will be scheduled for a date that will not unnecessarily disrupt Meyer's school schedule.

(3) The location of the deposition will be the Burlington office of Downs Rachlin Martin PLLC, 199 Main Street.

(4) The Court will not order at this time that attendance at the deposition be limited to counsel and parties. It appears that the request that attendance be so limited was due to the Counterclaim Defendants' concern regarding the possible presence of William Cashin, the stepfather of one of the decedents, and the Counterclaim Plaintiffs have agreed that Mr. Cashin will not be present.

(5) Meyer will not be required to view any photographs of the accident scene which depict the bodies of the decedents. Such a requirement would be extremely traumatic, and he need not view such photographs in order to answer questions about the

events at issue.

    (6) The deposition may be videotaped. Fed. R. Civ. P. 30(b)(2) allows a deposition to be recorded by sound, or by sound-and-visual means. While it is true that depositions are intimidating and may be particularly so for a minor, it seems unlikely that this effect will be significantly increased by having the deposition videotaped. The Counterclaim Defendants have expressed concern that a videotape could make its way to the public, resulting in a violation of Meyer's privacy. The Court therefore orders that the parties provide an agreed upon protective order prohibiting release or disclosure of the videotape to any non-party. The videotape is to be used solely for the purposes of this litigation.

    (7) Questions may be asked concerning Meyer's financial background, or that of his family. The Court has denied the Counterclaim Defendants' Motion for Judgment on the Pleadings as to Punitive Damages as to Meyer, and so his financial status could be relevant to this case if punitive damages are awarded.

    (8) Questions may be asked concerning Meyer's mental and physical health. His health is relevant to the case, since the Counterclaim Plaintiffs have asserted claims against Jensen based on her allegedly negligent entrustment of a vehicle to Meyer. They have asserted, in particular, that Meyer's mental health affected his fitness for such a trust in ways of which Jensen was

aware. To prove such claims, they may question Meyer regarding his mental and physical health.

(9) It is unnecessary for the Court to order that questioning be conducted in a manner appropriate for a 16-year-old, or that repetitive, hostile and argumentative questions will not be allowed. Counsel for the Counterclaim Plaintiffs are experienced attorneys and have represented that they will not engage in repetitive, hostile or argumentative questions. The Court relies upon them to conduct the deposition in an appropriate manner.

### III. CONCLUSION

For the foregoing reasons, the Motion for Protective Order Regarding the Deposition of Charles Meyer is GRANTED in part and DENIED in part, as outlined above.

Dated at Burlington, Vermont this 5th day of January, 2007.

/s/ William K. Sessions III
William K. Sessions III
Chief Judge
